# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLI SUE HALEY BEAUCHAMP,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 09CV1857-MMA (WMc)<br><br>**ORDER:**<br><br>**ADOPTING REPORT AND RECOMMENDATION;**<br><br>[Doc. No. 17]<br><br>**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;**<br><br>[Doc. No. 12]<br><br>**GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. No. 15] |

Pending before the Court is the Report and Recommendation of Magistrate Judge William McCurine, Jr., filed on April 23, 2010, recommending that the Court deny Plaintiff's motion for summary judgment (Doc. No. 12) and grant Defendant's cross-motion for summary judgment (Doc. No. 15). (Doc. No. 17.) On May 8, 2010, Plaintiff objected to the R&R (Doc. No. 18), and on May 14, 2010, Defendant replied (Doc. No. 19).[1] Having considered the arguments of the parties and for

---

[1] In Defendant's reply, Defendant points out that Plaintiff's objections were submitted late. (*Def.'s Reply* at 1:8–11.) The R&R ordered that any objections be filed on May 7, 2010. (*R&R* at 18:6–8.) Plaintiff, however, did not file her objections until May 8, 2010. Although the Court does not approve of late filings, the Court notes that Plaintiff's objections were only three hours late, and Defendant has responded to the merits of her objections. Accordingly, because the Court finds no

the reasons noted herein, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation ("R&R") in its entirety.

## BACKGROUND

On March 22, 2006, the Plaintiff filed an application for a period of disability and disability insurance benefits, alleging that her disability began on January 1, 2004. The Social Security Administration denied the application on June 2, 2006, and denied a motion for reconsideration on December 8, 2006. On February 6, 2007, Plaintiff filed a request for a hearing, which was held on January 7, 2008 in San Diego, California. The Administrative Law Judge considered Plaintiff's medical records, as well as testimony from Plaintiff, Plaintiff's friends and family members, Michael Goldhamer, M.D., an impartial medical expert, and Gloria J. Lasoff, an impartial vocational expert. On August 19, 2008, Administrative Law Judge Edward D. Steinman ("ALJ") issued a decision, in which he found that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act. The ALJ made his decision based on Plaintiff's residual functional capacity ("RFC"), age, education, and work experience. (*ALJ Decision* [Administrative Record ("AR") 14–22] at 21.)

## LEGAL STANDARD

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth the duties of the district court in connection with a magistrate judge's report and recommendation. The district court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989); *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

The Social Security Act entitles a claimant to disability benefits if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 416(i), 423(d)(1)(A). To qualify for benefits, the impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic

---

prejudice to the Defendant, the Court has decided to address the merits of Plaintiff's objections.

techniques." 42 U.S.C. § 423(d)(3); *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984). Further, the impairment must be of "such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Sections 205(g) and 1631(c)(3) of the Social Security Act allow unsuccessful applicants to seek judicial review of the Commissioner's final agency decision. 42 U.S.C. §§ 405(g), 1383(c)(3). However, the scope of review is limited. A court may not overturn the Commissioner's final action unless (1) the ALJ's findings of fact are not supported by substantial evidence, or (2) the ALJ failed to apply the proper legal standards. *See Flaten v. Secretary of Health and Human Svcs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). "Substantial evidence" means evidence a reasonable person might accept as adeqate to support the ALJ's conclusion, considering the record as a whole. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). In other words, substantial evidence means "more than a scintilla but less than a preponderance" of the evidence. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997). The Court must consider both the evidence that supports and detracts from the Commissioner's conclusions. *See Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001); *Desrosiers v. Sec'y of Health and Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988).

Even if substantial evidence supports the ALJ's findings, a court must set the decision aside if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching a decision. *See Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir. 1978). But if the evidence supports more than one rational interpretation, the court must uphold the ALJ's decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1989).

## **ANALYSIS**

Plaintiff objects to the R&R on multiple grounds. First, she contends that the Magistrate Judge improperly consulted the record in reaching the conclusion that the ALJ's decision to discredit Plaintiff's testimony was supported by clear and convincing evidence. (*Pl.'s Objections* at 2:3–4:9.) Second, Plaintiff contends that the Magistrate Judge overlooked the ALJ's failure to explain why he rejected the testimony of Plaintiff's friends and family, as well as the fact that the ALJ's failed to cite

to the record. (*Pl.'s Objections* at 4:13–5:16.) Third, Plaintiff contends that the Magistrate Judge erred when he determined that the ALJ did not err by failing to include fatigue as a limitation in the hypothetical questions he posed to the vocational expert. (*Pl.'s Objections* at 5:17–6:17.) Fourth, Plaintiff contends that the Magistrate Judge disregarded the ALJ's failure to provide specific reasons for rejecting the opinion of Plaintiff's treating physician on the improper basis that the ALJ's credibility determination was supported by the record. (*Pl.'s Objections* at 8:16–10:26.) Fifth, Plaintiff contends that the Magistrate Judge erred when he concluded that the ALJ provided sufficient reason for not considering medical evidence found in a Department of Motor Vehicles ("DMV") Disability Placard Application. (*Pl.'s Objections* at 11:2–13.) Sixth, Plaintiff objects the Magistrate Judge's conclusion that the ALJ's RFC determination was supported by substantial evidence.(*Pl.'s Objections* at 6:18–8:15.) Finally, Plaintiff objects to the Magistrate Judge's conclusion that the ALJ's failure to include a function-by-function assessment within his written decision was not error. (*Pl.'s Objections* at 11:14–12:11.) The Court shall address each of these objections in turn.

**I.    ALJ's determination Plaintiff's subjective pain and symptom testimony was not credible**

Plaintiff testified at length about excessive pain, symptoms, and limitations. The ALJ, however, disregarded Plaintiff's testimony regarding her alleged disabling pain and limitations because he found them to be inconsistent with the evidence of record, including the statements of Plaintiff's friends and family. Specifically, the ALJ determined that Plaintiff's testimony depicted a condition that was more limited than that depicted by her friends and family. The ALJ also stated that Plaintiff's statements were not consistent "with the preponderance of the opinions and observations by medical doctors in this case." (*ALJ Decision* at 6–7.) In her motion for summary judgment, Plaintiff contends that the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's testimony regarding her pain. (*Pl.'s Mot. for Summ. J.* at 3:24–9:21.) The Magistrate Judge disagreed, concluding that the ALJ adequately explained his reason for determining that Plaintiff's credibility was impeached and the reason was supported by the record. (*R&R* at 8:15–9:10.) Plaintiff objects to the R&R on grounds that the Magistrate Judge improperly consulted the record in reaching the conclusion that the ALJ's decision to discredit Plaintiff's testimony was supported by clear and convincing evidence. (*Pl.'s Objections* at 2:3–4:9.)

1  Unless the ALJ finds evidence of malingering, the ALJ must express clear and convincing reasons for rejecting a plaintiff's testimony of subjective pain. *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "If the ALJ finds that claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991) (en banc)). The ALJ can consider the following when assessing the Plaintiff's credibility: (1) the plaintiff's reputation for truthfulness; (2) inconsistencies in either the plaintiff's testimony or between her testimony and her conduct; (3) plaintiff's daily activities; (4) the plaintiff's work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the plaintiff's condition. *Id.* at 958–59.

Contrary to Plaintiff's assertions, the ALJ did not disregard Plaintiff's testimony regarding pain without reason. As noted above, the ALJ provided numerous reasons for his decision to disregard her statements. As pointed out by the Magistrate Judge, these reasons were adequately supported by the record. Plaintiff appears to take issue with the degree of specificity by which the ALJ explained his reasons for disregarding Plaintiff's testimony about her pain. However, all that the law requires is that the ALJ identify the reasons "with enough specificity to allow a reviewing court to confirm that the testimony was rejected on permissible grounds and not arbitrarily." *Benton*, *supra*, 331 F.3d at 1041. The reasons set forth by the ALJ are clear and convincing and satisfy the standard set forth in *Benton*. The Court notes that Plaintiff also contends that contrary to the ALJ's explanation, Plaintiff's testimony was in fact consistent with other witness statements and other medical evidence. Whether an alternative conclusion can be drawn from the evidence is irrelevant. If the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas*, *supra*, 278 F.3d at 959. Because the ALJ's credibility finding was supported by substantial evidence in the record, the Court **OVERRULES** Plaintiff's objection to the extent it pertains to the ALJ's determination of Plaintiff's credibility.

**II.     ALJ's determination that Plaintiff's friends and family were not credible**

In her motion for summary judgment, Plaintiff contends that the ALJ failed to consider or

review statements from Plaintiff's relatives and friends. (*Pl.'s Mot. for Summ. J.* at 20:6–18.) The ALJ stated in his decision that these statements did not establish claimant's disability. Although the ALJ did not completely disregard the statements, he did state that he gave them less weight due to the fact that the individuals were not medically trained and could not be considered disinterested third party witnesses due to their relationship with the Plaintiff. Finally, the ALJ noted that in many instances these statements were contradicted by the opinions and observations of the medical doctors. (*ALJ Decision* at 7.) After reviewing the ALJ's decision and the administrative record, the Magistrate Judge concluded that the ALJ considered the testimony, but ultimately rejected the testimony for reasons germane to each individual witness. (*R&R* at 10:21–11:10.) In her objections, Plaintiff contends that the Magistrate Judge overlooked the ALJ's failure to explain why he rejected each individual lay witness's statement, as well as the fact that the ALJ's failed to cite to the record. Finally, Plaintiff objects on grounds that the report mischaracterized the lay witness testimony as medical evidence when it was meant to be opinion evidence. (*Pl.'s Objections* at 4:13–5:16.)

"Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (*citing Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996); *Dodrill v. Shalala*, 12 F.3d 915, 918–19 (9th Cir. 1993).

First, Plaintiff's objection that the ALJ mischaracterized the lay witness statements as medical evidence are without merit. There is nothing in the ALJ's decision to suggest that the ALJ considered these statements as anything other than subjective opinions about Plaintiff's condition and pain by those closest to Plaintiff. The Court notes that the ALJ did reject these statements in part because they conflicted with medical evidence, however, this was not error because an ALJ may discount lay testimony that conflicts with medical evidence. *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984). Simply because the ALJ found that the testimony to be contradicted by medical evidence, does not somehow convert the statements into medical evidence.

As the Magistrate Judge correctly explained, the ALJ provided reasons for why he discredited the lay witness statements. The Magistrate Judge identified how the record supported the ALJ's conclusions. The Court agrees that the ALJ considered the statements of Plaintiff's friends and family

members, but discredited those statements for reasons germane to each witness. Plaintiff's objection that the ALJ did not name each individual witness in his decision simply puts form over substance. All that the law requires is that the ALJ provide reasons for rejecting lay witness testimony. It does not require that the ALJ explain how each reason pertains to each lay witness statement. Plaintiff's contention that the law requires any more is without merit.

Finally, while Plaintiff claims that there are alternative interpretations of the evidence, the law is clear that "[i]f there is more than one rational interpretation of the evidence, the ALJ's conclusion must be upheld." *Allen v. Sec'y of Health & Human Servs.*, 726 F.2d 1470, 1473 (9th Cir. 1984). Accordingly, the Court **OVERRULES** Plaintiff's objection to the Magistrate Judge's conclusion regarding the ALJ's credibility determinations of Plaintiff's friends and family members.

### III. ALJ's failure to include fatigue in the hypothetical

In his decision, the ALJ acknowledged Plaintiff's testimony that "she has muscles [sic] aches and pain as well as fatigue and confusion." (*ALJ Decision* at 6.) The ALJ, however, determined that Plaintiff's allegations of disabling pain and limitations were inconsistent with the evidence in the record. (*Id.*) In her motion for summary judgment, Plaintiff urges that the ALJ erred in not considering Plaintiff's testimony of fatigue. (*Pl.'s Mot. for Summ. J.* at 5:17–6:17.) Plaintiff also contends that the ALJ's hypothetical questions to the vocational expert were incomplete because they did not contain limitations based on fatigue. (*Id.* at 12:9–13:19.) The Magistrate Judge determined that the ALJ, for reasons already discussed, had properly determined that Plaintiff's testimony on her subjective pain and limitations were not credible. (*R&R* at 12:3–11.) The Magistrate Judge therefore concluded that because the ALJ dismissed these alleged limitations as not credible, the ALJ was not obligated to account for them in the hypothetical questions. (*Id.*)

In her objections, Plaintiff contends that the Magistrate Judge erred when he determined that the ALJ's credibility determination extended to Plaintiff's testimony about fatigue because the ALJ did not reference Plaintiff's testimony about fatigue during his credibility assessment. (*Pl.'s Objections* at 5:17–6:17.) The Court disagrees. The ALJ referenced Plaintiff's testimony about fatigue at the outset of his discussion about the credibility of Plaintiff's testimony. After discussing various inconsistencies, the ALJ stated that he found the claimant's allegations of "disabling pain and

1 limitation" to be inconsistent with the evidence in the record. While the ALJ may not have specifically stated that he found Plaintiff's statements of fatigue inconsistent with the record, he clearly construed Plaintiff's statements about fatigue, as well as those about confusion, to be limitations. Thus, the Court finds no error with the Magistrate Judge's conclusion that the ALJ did not consider Plaintiff's testimony about fatigue because he found them to not be credible.

Based on the fact that the ALJ did not find these statement to be credible, he was not obligated to include them as limitations in the hypothetical questions he posed to the vocational expert. *See Thomas, supra*, 278 F.3d at 959 (holding that the ALJ need not include limitations derived from testimony the ALJ determines is not credible in hypothetical questions posed to a vocational expert). Accordingly, the Court **OVERRULES** Plaintiff's objection to the Magistrate Judge's conclusion that the ALJ did not err by omitting fatigue as a limitation in the hypothetical questions he posed to the vocation expert.

**IV.     ALJ's rejection of treating physician's opinion**

In her motion for summary judgment, Plaintiff contends that the ALJ rejected the opinion of Plaintiff's treating physician, Rashad Ansari, M.D., without providing specific reasons based on the record. (*Pl.'s Mot. for Summ. J.* at 16:13–16.) In rejecting Dr. Ansari's opinion, the ALJ described Dr. Ansari's opinion at length, but determined it to be unreliable because Dr. Ansari failed to qualify the claimant's limitations or provide specific definitions regarding the limitations. In addition, the ALJ stated that he was unable to draw any conclusions from Dr. Ansari's assessment that Plaintiff would miss work four days per month because Dr. Ansari did not provide reasons for this conclusion and the conclusion appeared to be contradicted by Dr. Ansari's assessment of plaintiff's abilities to walk, sit, and stand during a typical workday. (*ALJ's Decision* at 5, 7.) The Magistrate Judge concluded that the ALJ provided specific reasons for rejecting Dr. Ansari's opinion, which the Magistrate Judge concluded were supported by the record. (*R&R* at 15:19–28.) In her objections, Plaintiff contends that the Magistrate Judge disregarded the ALJ's failure to provide specific reasons for rejecting Dr. Ansari's opinion on the improper basis that the ALJ's credibility determination was supported by the record. (*Pl.'s Objections* at 8:16–10:26.)

"As a general rule, more weight should be given to the opinion of a treating source than to the

opinion of doctors who do not treat the claimant . . . even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record for so doing." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citations omitted). To reject an uncontradicted opinion of a treating or examining doctor that is an acceptable medical source, the ALJ must state clear and convincing reasons that are supported by substantial evidence. *Id.* at 830–31. *See also Batson v. Comm'r of Soc. Sec. Admin*, 359 F.3d 1190, 1195 (9th Cir. 2004) (explaining that if an ALJ declines to follow the medical opinion of the treating physician, he "must give specific, legitimate reasons for disregarding the opinion of the treating physician"). The ALJ can meet this burden by providing a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

In *Batson*, the Ninth Circuit held that "an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings." 359 F.3d at 1195. In determining that the ALJ properly discredited the treating physician's opinion, the Court noted the ALJ's reference to the following circumstances: (1) the testimony was in the form of a checklist; (2) the testimony was not supported by objective evidence, (3) the testimony was contradicted by other statements and assessments of the claimant's medical condition, and (4) the testimony was based on the claimant's subjective descriptions of pain. *Id.* These are not the only circumstances that would justify rejecting a treating physician's testimony, nor must they all be satisfied to justify rejecting a treating physician's testimony, as Plaintiff contends in her objections.

The Magistrate Judge concluded that the reasons cited by the ALJ provided a sufficiently specific basis for rejecting Dr. Ansari's opinion. The Magistrate Judge also found that the record provided sufficient support for rejecting Dr. Ansari's opinion, citing the fact that Dr. Ansari used checklist formatting and his opinions were unsupported and contradicted by other medical assessments. The Court agrees. The facts that Dr. Ansari used checklist formatting and his opinions were unsupported and contradicted by other medical assessments provides sufficient support for the ALJ's conclusion that Dr. Ansari's testimony was unsupported and contradicted. Accordingly, the Court **OVERRULES** Plaintiff's objection to this aspect of the Magistrate Judge's R&R.

### V.     ALJ's failure to consider Plaintiff's DMV Disability Placard Application

Plaintiff next contends that the ALJ improperly failed to consider the treating physician's opinion contained in Plaintiff's DMV Disability Placard Application, which she contends supported Plaintiff's limited ability to stand and walk. (*Pl.'s Mot. for Summ. J.* at 23:11–16.) The ALJ considered the application, but determined that it was unreliable because the DMV uses a different set of criteria for determining disability than the Social Security Administration. The ALJ also noted that the treating physician's signature on the application was illegible. (*ALJ Decision* at 5.) The Magistrate Judge concluded that the ALJ properly rejected the application because it was unsupported. (*R&R* at 16:16–26.) In her objections, Plaintiff contends that the ALJ had a duty to evaluate this evidence not as a conclusion of disability but as a treating physician's opinion of Plaintiff's limitation. (*Pl.'s Objections* at 11:2–13.)

As an initial matter, the Court notes that Plaintiff failed to articulate her reason for challenging the ALJ's treatment of the DMV application in her motion for summary judgment. Thus, based on the minimal guidance provided by Plaintiff, the issue before the Magistrate Judge was whether the ALJ considered the DMV application. The DMV application states only that Plaintiff has a "diagnosed disease or disorder which substantially impairs or interferes with mobility due to Lupus." (*AR* at 533.) The application provides no additional information. Plaintiff contends that this application was "substantial evidence" of a valid treating physician's opinion regarding Plaintiff's limitation on her ability to walk and stand. (*Pl.'s Objections* at 11:3–5.) Plaintiff's contention is without merit. Based on the minimal information provided by the doctor on the application, the ALJ properly concluded that the application only stood for the proposition that Plaintiff was disabled. The ALJ, however, rejected the evidence because it merely stated a determination that Plaintiff met the definition of disability as promulgated by the DMV, which provided minimal assistance to the ALJ to determine whether Plaintiff met the definition of disability set forth by the Social Security Administration. The Magistrate Judge's conclusion was correct, and for that reason, the Court **OVERRULES** Plaintiff's objection.

### VI.     ALJ's residual functional capacity determination

In his decision, the ALJ stated: "After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as

defined in 20 CFR 404.1567(a) except that claimant is limited to simple repetitive tasks due to side effects of medications." (*ALJ Decision* at 3.) In particular, the ALJ determined that Plaintiff could perform unskilled, sedentary level occupations such as assembler, product inspector, and cuff folder. (*Id.* at 8.) Plaintiff asserts in her motion for summary judgment that the ALJ's determination of Plaintiff's RFC was not supported by substantial evidence from the record. (*Pl.'s Mot. for Summ. J.* at 13:20–15:28.) Specifically, Plaintiff asserts that the ALJ determined that Plaintiff was able to perform the full range of sedentary work even though Dr. Goldhamer and the State Agency consultant both testified that Plaintiff was limited to occasional bending, stooping, crouching, crawling, balancing, climbing, and was prohibited from working with ropes, ladders, scaffolds, extreme cold, vibratory machines and tools, fumes, odor, dust, and humidity. (*Id.* at 14:11–15:19.)[2] After reviewing the record in light of the ALJ's RFC determination, the Magistrate Judge concluded that the ALJ's hypothetical and RFC determination were based directly on the expert testimony of Dr. Goldhamer. (*R&R* at 13:23–26.) The Magistrate Judge noted that the ALJ presented the vocational expert with a hypothetical that closely tracked the limitations noted by Dr. Goldhamer. With these limitations in mind, the vocational expert concluded that Plaintiff could perform 80 percent of the 200 unskilled job titles in the grid, including tasks such as assembler, product inspector and cuff folder. (*Id.* at 13:14–14:1.) Because the ALJ determined Plaintiff's RFC based on the vocational expert's testimony, and the vocational expert's testimony was based directly on Dr. Goldhamer's testimony, the Magistrate Judge concluded that the ALJ's RFC determination was supported by substantial evidence. (*Id.*) Plaintiff now objects on grounds that the Magistrate Judge failed to address the contradictions between the testimony of Dr. Goldhamer and the State Agency consultant and the ALJ's determination that Plaintiff could perform the full range of the listed activities, without reference to these particular limitations. (*Pl.'s Objections* at 7:10–12.)

Having reviewed the record, the Court concludes that the Magistrate Judge correctly determined that there was no contradiction between the ALJ's RFC determination and the testimony

---

[2] Plaintiff also asserts that the RFC was faulty because the ALJ failed to consider Plaintiff's testimony about fatigue. (*Id.* at 15:20–26.) For the reasons already noted *supra*, the Court **OVERRULES** Plaintiff's objection to the R&R to the extent it is based on the ALJ's failure to include fatigue as a limitation in the RFC.

of Dr. Goldhamer and the State Agency consultant. As explained by the Magistrate Judge, the RFC determination was based on the vocational expert's testimony, which was based on a hypothetical that directly tracked the testimony of Dr. Goldhamer. Based on Plaintiff's situation, including the particular limitations she has, the vocational expert opined that Plaintiff could perform 80 percent of the 200 positions listed in the grid without modifications. The fact that the vocation expert determined that Plaintiff could perform these jobs does not mean that the vocational expert did not consider the limitations, and the fact that the ALJ agreed with the vocational expert's assessment does not mean that the ALJ found the limitations not credible. The vocational expert determined that Plaintiff could perform the full range of these activities even with the noted limitations, and the ALJ relied specifically on that opinion in his RFC determination. Accordingly, the Court finds that the ALJ's RFC determination was based on substantial evidence and **OVERRULES** Plaintiff's objection.

**VII**.  **ALJ's failure to provide a function-by-function assessment in RFC determination**

In her motion for summary judgment, Plaintiff contends that the ALJ failed to offer a function-by-function assessment of Plaintiff's ability to perform work activities. (*Pl.'s Mot. for Summ. J.* at 23:17–24:16.) The Magistrate Judge noted that the ALJ conducted a function-by-function assessment of Plaintiff's abilities when he examined Dr. Goldhamer. Based on this fact, the Court found that although the ALJ did not explicitly go through a function-by-function assessment in the written decision, the fact that he did so during his examination of Dr. Goldhamer demonstrated that his ultimate RFC determination was supported by substantial evidence. (*R&R* at 17:1–25.) Plaintiff objects on grounds that the ALJ was required to included the function-by-function assessment within his written decision, and his failure to do so requires reversal. (*Pl.'s Objections* at 11:14–12:11.)

Plaintiff does not object to the Magistrate Judge's conclusion that the record demonstrates that the ALJ considered Plaintiff's limitations on a function-by-function basis. Thus, the only issue is whether the ALJ's failure to memorialize the function-by-function assessment in his written decision requires reversal. Plaintiff contends that Social Security Rule 96-8P requires that the function-by-function assessment be included in the ALJ's written decision. The Court, however, finds that Plaintiff has overstated the requirements relating to the ALJ's duty to conduct a function-by-function assessment. While the ruling states that the ALJ is required to go through the assessment, it does not

1  state that a function-by-function assessment must be included in the written decision. The record
2  demonstrates that the ALJ assessed Plaintiff's individual capabilities with Dr. Goldhamer, function
3  by function. The Magistrate Judge did not err when he determined that the ALJ properly assessed
4  Plaintiff's RFC despite the fact that he did not include his function-by-function assessment in his
5  written decision. Accordingly, the Court **OVERRULES** Plaintiff's objection.

## Conclusion

After reviewing the R&R in its entirety, the Court finds that the Magistrate Judge's conclusions are thorough, well-reasoned, and supported by the record. In light of the foregoing, the Court hereby **ADOPTS** the R&R in its entirety.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Magistrate Judge's Report and Recommendation (Doc. No. 17) is **ADOPTED** in its entirety;
2. Plaintiff's Motion for Summary Judgment (Doc. No. 12) is **DENIED**; and
3. Defendant's Cross-Motion for Summary Judgment (Doc. No. 15) is **GRANTED**.
4. The Clerk of Court shall enter judgment in favor of Defendant and terminate the case file.

**IT IS SO ORDERED**.

DATED: July 23, 2010

Hon. Michael M. Anello
United States District Judge